**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBIN BLAKE COMBS, Sr., | No. 11-35083 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-05063-RJB |
| v. | |
| JOSEPH D. LEHMAN, Secretary; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Washington state prisoner Robin Blake Combs, Sr., appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo.  *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004) (dismissal on the basis of the applicable statute of limitations); *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary judgment); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (dismissal for failure to exhaust).  We affirm.

The district court properly dismissed without prejudice Combs' mattress claim because Combs failed to exhaust prison grievance procedures concerning that claim.  *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (exhaustion is mandatory and must be done in a timely manner consistent with prison policies).

The district court properly dismissed as time-barred those claims for which Combs exhausted his administrative remedies more than three years before filing his complaint.  *See* Wash. Rev. Code § 4.16.080 (three-year statute of limitations for personal injury actions); *Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."); *Jones*, 393 F.3d at 927 ("For actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions[.]").

The district court properly granted summary judgment on Combs' remaining claims regarding medical treatment because Combs failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to

his chronic back pain.  *See Toguchi*, 391 F.3d at 1058 ("[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment was medically unacceptable under the circumstances, and was chosen in conscious disregard of an excessive risk to [the prisoner's] health." (citation and internal quotation marks omitted)).

Combs' remaining contentions regarding his objection to the district court's denial of his second supplemental motion requesting disclosure of defendants' addresses are unpersuasive.

Combs' motion to stay proceedings, filed on April 9, 2012, is denied as unnecessary.

**AFFIRMED.**